7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SAUL, a/k/a Paul Melvin Detmer, Plaintiff-Appellant,
v.
PERQUIMANS SHERIFF DEPARTMENT; JAMES R. LOGAN, Defendants-Appellees.
 No. 91-2298.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 18, 1993.
Decided: September 17, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.
 Saul Melvin Detmer, Appellant Pro Se.
 Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, for Appellees.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 Before WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 In this case the plaintiff sued the defendants, Perquimans County Sheriff's Department and James R. Logan, a deputy sheriff, under 42 U.S.C. § 1983 claiming excessive force had been used by Logan in a confrontation with plaintiff as well as a possible violation of plaintiff's right of free speech.
 
 
 2
 The district court properly entered judgment in favor of the Sheriff's Department, which is not susceptible to suit under North Carolina law, and that part of its decision is affirmed.
 
 
 3
 With respect to Logan, however, the district court entered judgment in Logan's favor on the basis of affidavits submitted by Logan which, if uncontradicted, might well have supported its decision.
 
 
 4
 The district court treated the affidavits submitted by Logan as uncontradicted.
 
 
 5
 The plaintiff did not file evidentiary material to support his response to the defendants' motion for summary judgment until on or about September 3, 1991, the same having been due, according to a letter to the plaintiff from the clerk of the court, on July 13, 1991, although we note that evidentiary material was filed by the defendants in the form of an affidavit by Officer Harvey on August 16, 1991.
 
 
 6
 In any event, although the opinion of the district court recites that it would "accept the late filing" of the response to the motion for summary judgment, the court then proceeded to decide the case without taking into account any affidavits filed by plaintiff.
 
 
 7
 In view of the statements of the court that it would"accept the late filing," we are of opinion it should have considered any affidavit filed with the response of the plaintiff to the motion for summary judgment and that such failure was error.
 
 
 8
 The judgment of the district court is accordingly affirmed as to its judgment in favor of the Sheriff's Department, but with respect to its judgment in favor of Logan, that part of the judgment is vacated and the case is remanded for the district court to consider the affidavits filed by the plaintiff with his response to the motion for summary judgment. When the court has reconsidered the case, it will again enter its order disposing of the same or permitting or requiring further proceedings.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS